UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY R. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:07CV00053 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Rodney R. Johnson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, filed April 2, 2007. Because this Court has determined that Johnson's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Johnson's claims are based, this Court decides this matter without an evidentiary hearing.

## **BACKGROUND**

On May 14, 2004, Rodney Johnson was indicted by the Federal Grand Jury on one count of possession with intent to distribute 50 grams or more of cocaine base. (Doc. No. 1).[1] On July 9, 2004, criminal justice act ("CJA") attorney Eric Butts was appointed to represent Johnson. (Doc. No. 35). On April 21, 2005, the Federal Grand Jury issued a Superseding Indictment charging Johnson with possession with intent to distribute 50 grams or more of cocaine base in Count I, and possession of firearms and ammunition by a convicted felon in Count II. (Doc. No. 68). On or about August 22, 2005, petitioner Rodney R. Johnson pled guilty to the Superseding Indictment pursuant

---

[1]Document numbers refer to the criminal case, United States v. Rodney R. Johnson, 1:04CR100 JCH, unless otherwise indicated.

to a written plea agreement. (Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), Doc. No. 102, filed August 22, 2005).

The Plea Agreement contained information provided that the Base Offense Level on Count I was 34 based on possession of at least 150 grams but less than 500 grams of cocaine base (as found in Section 2D1.1) (Plea Agreement, ¶3B(1)), the Chapter 2 Specific Offense Characteristics (two levels added due to possession of the firearms, offense involved four firearms, one firearm had an obliterated serial number, firearms possessed in connection with another felony offense) (Plea Agreement, ¶ 3B(2)), and a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines (Plea Agreement, ¶3D). At sentencing, the government recommended Petitioner be sentenced at a total offense level of 33, in accordance with the Plea Agreement, instead of the 34 recommended by the presentence report ("PSR"). (Transcript of the Sentencing Hearing, November 14, 2005, Doc. No. 3-4, Case No. 1:07cv-053 ("Sentencing Transcript"), p. 3; PSR, ¶26).

As the Court construes the instant motion, filed April 2, 2007, Petitioner alleges the following four grounds for relief:

(1) Johnson's counsel's failure to investigate the case fully and call essential witnesses constituted ineffective assistance of counsel,

(2) Johnson's counsel failed to present available witnesses and preserve a suppression issue for possible appeal,

(3) the Government presented perjured testimony, which constituted "inappropriate conduct," and a key witness, Demetrious Peterson, has now recanted, and

(4) Johnson's counsel allowed him to plea guilty without Petitioner receiving the benefit of acceptance of responsibility, his counsel failed to notify Johnson of a plea offer, and his counsel underestimated Johnson's sentencing exposure.

(§2255 Motion, Doc. No. 1, Case No. 1:07cv053 ("§2255 Motion"), pp. 2-7).

## STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Marquez v. United States, No. 4:07CV361, 2008 U.S. Dist. LEXIS 82965, *5 (E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

# DISCUSSION

## I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### A. Legal Standards

#### 1. Legal Standard for Ineffective Assistance of Counsel

For an ineffective assistance of counsel under section 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, *7 (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial." Ware v. United States, No. 1:08CV5, 2008 U.S. Dist. LEXIS 93254, *10 (E.D. Mo. Nov. 17, 2008) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

#### 2. Legal Standard for Review of a Guilty Plea

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. United States v. Winheim, 143 F.3d 1116, 1117 (8th

Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869, 110 S. Ct. 195, 107 L. Ed. 2d 149 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus, the district court's entry of judgment and imposition of sentence. Deroo v. United States, 223 F.3d 919, 923 (8th Cir. N.D. 2000) (citing United States v. His Law, 85 F.3d 379 (8th Cir. S.D. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. United States, No. 4:06-CV-195, 2008 U.S. Dist. LEXIS 63105, *12-13 (E.D. Mo. Aug. 19, 2008).

> **B.      Ground 1: Failure to Fully Investigate the Case and Call Essential Witnesses**

In his Motion, Petitioner argues that "Counsel acted unreasonable [sic] in failing to interview and call to trial essential witnesses." (§2255 Motion, p. 7). Petitioner claims that he can supply affidavits in support of his Motion, but, to date, has not supplied any such affidavits. Id. at pp. 7-8. Even the information that these supposed affidavits would provide, however, would be insufficient to demonstrate ineffective assistance of counsel because Petitioner has waived his right to a review of this issue.

Here, Petitioner has admitted his guilt and waived his right to file the present motion related to any pre-sentencing claims. In his Plea Agreement, Petitioner stated, "[t]he defendant acknowledges being guilty of the crimes to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title

28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing." (Plea Agreement, ¶2(C)(2), p. 4). As ground one of Petitioner's Motion relates to acts that occurred prior to sentencing, Johnson has waived his right to review of those actions.

As further support for this waiver, during Johnson's plea colloquy, he specifically affirmed his understanding of and agreement to the Plea Agreement:

The Court: Now, Mr. Johnson, have you had an opportunity to review and discuss this document [the Plea Agreement] with Mr. Butts?

Johnson: Yes.

The Court: And are you in agreement with everything in this document?

Johnson: Yes.

The Court: Is there anything in this document with which you disagree?

Johnson: No.

The Court: Do you have any questions about any provision of this document?

Johnson: No.

The Court: Has anyone made any promises or assurances to you other than what's in the document in order to cause you to plead guilty today?

Johnson: No.

The Court: Has anyone tried to force or coerce you into pleading guilty?

Johnson: No.

The Court: Are you doing this of your own free will?

Johnson: Yes.

(Transcript of Change of Plea Hearing, August 22, 2005, Doc. No. 3-3, Case No. 1:07cv00053 ("Plea Transcript"), pp. 7-8).

Based upon Johnson's representations, the Court found that Johnson "is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts I and II. The plea to Counts I and II is, therefore, accepted, and the Defendant is now adjudged guilty of those offenses." Id., p. 16. Petitioner has presented nothing to the Court that changes its belief that Petitioner knowingly and voluntarily entered into the plea and waived his rights.

In light of these repeated public declarations of his intention to waive his right to file motions or proceed with trial, the Court finds no evidence of prejudice to Movant resulting from Butts' failure to call any witnesses. Johnson expressly, clearly and voluntarily waived his rights related to the taking and acceptance of his plea. The waiver itself is unambiguous, and the evidence demonstrates that Petitioner's counsel, Butts, and the District Court accurately and thoroughly explained the Plea Agreement and appeal waiver to Johnson. Johnson's testimony at the plea hearing strongly supports the finding Johnson entered into the waiver knowingly and voluntarily. Moreover, the plea agreement was supported by consideration, given the government's agreement "not to seek any further charges against the defendant for any violations of federal controlled substance or firearm laws which have occurred within the Eastern District of Missouri and which arise out of, or are related to, the facts underlying the charges to which the defendant has entered a plea of guilty." (Plea Agreement, ¶2(A)). See United States v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2007) ("Plea agreements are contractual in nature and should be interpreted according to general contract principles." (citation omitted)). No miscarriage of justice exists. Johnson knowingly and voluntarily waived his right to appeal any issues

relating to the negotiation, taking or acceptance of his guilty plea or the factual basis for the plea. Ground 1 of Movant's § 2255 Motion must therefore be denied.

In further support of the denial of Ground 1 of the § 2255 Motion, the record shows conclusively that Johnson did not suffer prejudice from what he now alleges was deficient performance by counsel. See Hill, 474 U.S. 52, 60 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the Strickland v. Washington test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim."). Petitioner cannot show any prejudice to him because he stipulated and agreed that the facts in the case were as follows and the government would have been able to prove these facts beyond a reasonable doubt:

> On April 7, 2004, law enforcement officers for the Charleston Department of Public Safety executed a search warrant at a residence located at 304 South Locust Street in Charleston, Missouri. This residence was rented by Akeisha Coleman, and she, the defendant, and her children resided at the residence at that time. When officers entered the residence[,] they found the defendant and Akeisha Coleman in bed together in one of the bedrooms. A search of the residence resulted in the recovery of numerous baggies with the corners cut off and a quantity of marijuana stems and seeds were found in trash cans, both inside and outside the residence.
>
> Pursuant to the search warrant, law enforcement authorities opened the trunk of the defendant's 1995 Lincoln Continental, which was parked in the driveway. The vehicle was opened by using the defendant's keys. Inside the trunk of the vehicle, officers located a black back pack which contained five plastic baggies of marijuana, totaling approximately 1500 grams. A century safe was located and opened with a key on defendant's key ring. Inside the safe officers discovered a rubber mask, a box of Winchester .357 ammunition, and a box of Winchester 9mm. ammunition. The officers also recovered two sets of scales and numerous baggies throughout the vehicle. In a Missouri Delta Hospital bag, officers recovered an M&M tube with ten rocks of crack cocaine which weighed 1.8 grams; two baggies containing 34 packages of marijuana; a plastic baggie containing 13 rocks of cocaine base; a plastic baggies [sic] containing 25 grams of powder cocaine; a baggie containing approximately 160 grams of a form of cocaine base known as 'crack' cocaine. The officers recovered $2,226 in cash from the trunk of the automobile.
>
> In another bag[,] officers recovered a Hi-Point .45 caliber semi-automatic pistol; a Taurus brand .357 revolver; a Jennings brand .380 semi-automatic pistol; and an A.T.G. .25 caliber

semi-automatic pistol. Each of the firearms were fully loaded. An additional 38 rounds of ammunition was found lying loose throughout the vehicle.

Agent Larry Gregory of the Drug Enforcement Administration would testify that the above facts are consistent with possession with intent to distribute.

The firearms and ammunition were examined by ATF Agent Scott Martin, who determined that each of the firearms and the ammunition contained in those firearms were manufactured in states other than Missouri and, therefore, traveled in and effecting interstate commerce prior to their possession by the defendant in Charleston, Missouri on April 7, 2004.

Each of the firearms were [sic] tested and found to function as designed.

On April 7, 2004, the defendant was a previously convicted felon having been convicted of each of the felony offenses set forth in the Indictment.

The defendant and the government agree that the facts set forth above are true and may be considered as 'relevant conduct' pursuant to Section 1B1.3.

(Plea Agreement, pp. 9-10, ¶4). These undisputed facts demonstrate that Petitioner was guilty of the crimes to which he pled and, therefore, Petitioner cannot claim that he was prejudiced by ineffective assistance of counsel.

### C. Ground 2: Failure to Present Available Witnesses and Preserve a Suppression Issue

Similar to the first ground, Johnson argues that his counsel was ineffective because he "failed to scrutinize the 'BRADY' rights, and call essential witnesses." (§2255 Motion, p. 10). Petitioner also refers to the "Suppression Issue" and that the "proof presented at the suppression hearing reflected revisable [sic] error and was deserving of appellate review." Id.[2]

---

[2]Although it is not explicitly stated by Johnson, the Court assumes Johnson is referring to the Motion to Suppress wherein Johnson claimed that the search of his residence was conducted without probable cause, the search of his vehicle was outside the scope of the search warrant, there was no evidence that 304 S. Locust was his residence, his arrest was illegal and that he was not advised of his rights prior to making a statement. (Doc. No. 23). After extensive briefing, the Court denied Johnson's Motion to Suppress. (Doc. No. 61). The Court believes that the order denying Johnson's Motion to Suppress was a well-reasoned decision and Johnson has not presented any evidence that would indicate another court would make a different decision. Because Johnson has waived his right to appeal this pre-sentencing decision, however, this Court need not address this issue.

- 9 -

As noted above, Johnson specifically waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to §2255, that occurred prior to sentencing. As part of Johnson's plea agreement, he "agree[d] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing." (Plea Agreement, ¶2(C)(2)). Thus, Petitioner's claims that his counsel failed to present certain witnesses and preserve a suppression issue are subsumed within Petitioner's waiver in the Plea Agreement and will not be reviewed by this Court. Petitioner has waived his right to contest any decisions made prior to sentencing and his §2255 Motion is denied on Ground 2.

Furthermore, although Petitioner has provided a list of potential witnesses that allegedly have information (§2255 Motion, pp. 7-8), Petitioner has not identified if these witnesses were available to testify at trial, what specific information those witnesses would have provided, or how said information could have changed the outcome of this case. Absent this information, the Court cannot speculate as to how Petitioner's attorney was "ineffective" by failing to call these witnesses. See also Barnett v. Roper, 541 F.3d 804, 809 (8th Cir. 2008) ("When the claim of ineffective assistance relates to counsel's failure to investigate or call witnesses, Rule 29.15 does not require an evidentiary hearing if the movant does not 'identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify.'")(quoting State v. Dudley, 819 S.W.2d 51, 56 (Mo. Ct. App. 1991)). Because Petitioner has not demonstrated that he was prejudiced by his counsel's failure to call certain witnesses at trial, Petitioner's claim on Ground 2 is denied.

### D. Ground 4: Counsel was Ineffective Because Johnson Was not Able to Accept Responsibility or Receive Knowledge of Plea Offer

Petitioner "claims that counsel was ineffective because he failed to, timely and adequately, disclose to him the initial plea offer. (Movant pled guilty on the morning of trial, without the full benefit of acceptance of responsibility of points, due to the timing of the plea)." (§2255 Motion, p. 13). Petitioner believes that the "government clearly offered [Petitioner] a three-level reduction," and that Petitioner was not informed of this offer until after the expiration of the offer. Id. The evidence before the Court demonstrates that Petitioner's belief is in error.

The Government recommended that petitioner receive a three level sentence reduction for acceptance of responsibility. (Plea Agreement, ¶3D; Plea Transcript, p. 2; PSR, ¶5). As noted by the Government, the PSR prepared recommended that Johnson should only receive a two level reduction for accepting responsibility (PSR, ¶25). The probation department reasoned that Johnson was not entitled to receive the third level pursuant to §3E1.1(b) due to the timing of the plea, i.e., immediately prior to trial. (PSR, ¶ 17). Johnson's counsel objected to the pre-sentence report and contested the probation department's recommendation regarding that point. (Doc. No. 91). The Court granted Johnson's counsel's objection at the time of sentencing and allowed the three level sentence reduction. (Sentencing Transcript, p. 3). Thus, Petitioner cannot claim that he was harmed because he did not receive the three-level sentence reduction when he was, in fact, given a three-level sentence reduction.

Petitioner further argues that his counsel "grossly underestimat[ed] Johnson's sentencing exposure." (§2255 Motion, p. 15). Petitioner claims that his counsel's "legal assistance fell below the prevailing professional norms, for advising a client, during plea negotiations of his maximum/minimum exposure to imprisonment at sentencing. The disparity between the

Government's offer versus the 20+ years Johnson received, clearly paints a vivid picture of ineffective assistance of counsel." Id.

Johnson's claim for Ground 4 fails because the Government and Johnson's counsel correctly estimated and informed Johnson of his potential sentence, prior to the imposition of sentence. The overwhelming evidence supports a finding that Johnson understood the potential sentencing ramifications of his plea, which were included in his Plea Agreement, and that he was sentenced within those guidelines as outlined in the Plea agreement. The Plea Agreement, signed by Johnson, provides:

> The defendant fully understands that the maximum possible penalty provided by the law for the crime of possession with intent to distribute fifty grams or more of cocaine base as charged in Count I of the Indictment to which the defendant is pleading guilty is imprisonment of not less than ten (10) years nor more than life, a fine of not more than four million dollars ($4,000,000), or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least five (5) years.
>
> The defendant fully understands that the maximum possible penalty provided by law for the crime of being a previously convicted felon in possession of a firearm and ammunition as charged in Count II of the Indictment to which the defendant is pleading guilty is imprisonment of not more than ten (10) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three (3) years."

(Plea Agreement, ¶6A).

The Court even followed up with Johnson to ensure that he understood the possible sentence he faced by pleading guilty to Count I of the Superceding Indictment:

The Court:   The offense in Count I, the maximum penalty on that--and that's on page 12 [of the Plea Agreement], if you want to refer to that, under section 6(a). The offense in Count I carries a term of imprisonment of not less than ten years, nor more than life; a fine of not more than four million dollars or both imprisonment and a fine as well as a period of supervised release of at least five years. Do you understand that?

Johnson:     Yes.

(Plea Transcript, p. 9)

The Court also addressed the possible penalties for pleading guilty to Count II of the Superseding Indictment:

The Court:    Now, Mr. Johnson, the offense in Count II, that offense has a maximum penalty of imprisonment of not more than ten years, a fine of not more than $250,000, or both imprisonment and a fine as well as a period of supervised release of not more than three years. Are you aware of that?

Johnson:     Yes, Ma'am.

(Plea Transcript, pp. 9-10).

The Court sentenced Johnson to 264 months on Count I and 120 months on Count II. (Sentencing Transcript, p. 5). As shown above, this sentence was within the guidelines outlined to Johnson as written in the plea agreement and presented orally to Johnson by the Court.[3]

In sum, Ground 4 of Petitioner's claim of ineffective assistance of counsel is without merit because the written Plea Agreement sets forth the possible penalties for each count. (Plea Agreement, ¶6(A)). Johnson thereafter acknowledged that he understood the range of penalties at the time of his plea. (Plea Transcript, pp. 9-10). Indeed, Petitioner was sentenced within this range

---

[3] Petitioner waived his right to appeal the sentence if it was within the sentencing guidelines: "In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues..." (Plea Agreement, ¶2C(1)(b)). Petitioner has no basis to appeal the sentence given that there was a valid waiver and there is no allegation that the Court imposed an "illegal sentence." Cf. United States v. Andis, 333 F.3d 886, 891-892 (8th Cir. 2003) (a defendant has the right to appeal an "illegal sentence," even though there exists an otherwise valid waiver; sentence is illegal when "it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime").

of potential penalties. (Plea Agreement, ¶6(A); Sentencing Transcript, pp. 5-7). Further, there is no support for Petitioner's claim that he was offered a plea for a lesser sentence than was imposed. The undisputed facts are that Mr. Butts properly explained and Johnson understood the range of penalties that could be and were imposed. Therefore, Petitioner's claim in Ground 4 of ineffective assistance of counsel is without merit and is denied.

### III. GROUND 3: GOVERNMENT COMMITTED "INAPPROPRIATE CONDUCT" BY PRESENTING PERJURED TESTIMONY

In Ground 3, Petitioner claims that the result of this case would have been different "[h]ad Demetrius Peterson's truthful testimony been presented." (§2255 Motion, p. 11). Petitioner claims that "Peterson's testimony placed movant in locations, conducting activities, which if believed, would be convincing enough for criminal charges." Id. As support for this claim, Johnson provides the "affidavit" of Demetrius Peterson, which states, in its entirety, "I Demetrius Peterson will come to court to help Rodney Johnson." (Doc. No. 1-3, Case No. 1:07cv00053, p. 13).

Interestingly, Petitioner argues that this "information" is sufficient to require a "new trial." (§2255 Motion, p. 12). Petitioner, however, omits that he waived his right to a trial in the first instance and that Peterson never testified against Johnson. Rather, Petitioner pled guilty and no testimony, from Peterson or anyone else, was presented. Petitioner cannot claim prosecutorial misconduct when Petitioner voluntarily pled guilty, no trial occurred and no testimony was utilized to convict him. Petitioner cannot claim that his conviction would not have occurred if the prosecutor had not "purposefully introduced perjured testimony" (id. at 12) when no such testimony was introduced.

Moreover, there is no evidence before the Court that the information which Peterson may or may not have previously provided was not truthful. All that Peterson offers in his affidavit is to "help" Petitioner. Petitioner has provided no information that Peterson's "help" would involve

refuting prior statements or providing exculpatory testimony for Johnson. Petitioner's claim in Ground 3 of his §2255 Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Rodney R. Johnson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (filed April 2, 2007) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 2nd day of December, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE